

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALPHAS COMPANY OF NEW YORK, INC.,
COOSEMANS OF NEW YORK, INC. and FIERMAN
PRODUCE EXCHANGE INC.,

Case No.

Plaintiffs,

-against-

**COMPLAINT (to Enforce Payment
From Produce Trust)**

LERRO PRODUCE CORP. and STEVEN K.
LERRO,

Defendants.

The plaintiffs, for its complaint against the defendants, allege:

### JURISDICTION AND VENUE

1.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities

Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §1332.

2.      Venue in this District is based on 28 U.S.C. §1391 in that the events constituting the

claims arose in this District.

### PARTIES

3.      The plaintiffs are New York corporations conducting business in the State of New

York, with their principal places of business located at the New York City Terminal Market, Hunts

Point, Bronx, New York.  They are engaged in the business of buying and selling wholesale

quantities of fresh fruit and vegetables in interstate commerce.

4.      Defendant, LERRO PRODUCE CORP. ("LERRO"), upon information and belief,

is a New York corporation with a principal place of business at 1700 Main Street, Peekskill, New

1

York 10566, and was at all times pertinent herein, a dealer and commission merchant and subject

to and licensed under the provisions of the PACA as a dealer and commission merchant.

5.    The defendant, STEVEN K. LERRO , is a principal officer, director and shareholder

of LERRO and was the conscious moving force concerning the operations of that corporation.

6.    The defendant, STEVEN K. LERRO, directed all of the activities and operations of

LERRO.

## COUNT I

## CLAIMS FOR RELIEF AGAINST LERRO PRODUCE CORP.

### ALPHAS COMPANY OF NEW YORK, INC. ("ALPHAS")

7.    The plaintiff, ALPHA, repeats and realleges the allegations set forth in paragraphs

"1" through "6."

8.    Heretofore and within the prescribed statutory period, the plaintiff, ALPHA, sold and

delivered to LERRO at its request, in interstate commerce, perishable agricultural commodities.

9.    LERRO accepted said commodities.

10.    Pursuant to the trust provisions of the Act, at the time of receipt of said commodities,

a trust was established in favor of the plaintiff  as to all commodities received by LERRO, all

inventories of food or other products derived from said commodities ("proceeds"), and the proceeds

from the sale of such commodities until full payment is made for said commodities by LERRO to

2

the plaintiff.

11.    LERRO has failed and refused to pay for the commodities despite repeated demands.

12.    The plaintiff, ALPHAS, furnished timely billings to LERRO which contained the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. 499 (e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received. In the event of the enforcement of our trust claim we will seek to recover reasonable attorney's fees and the costs of recovery....

13.    The plaintiff, ALPHAS, is an unpaid supplier or seller of perishable agricultural commodities as those terms are used in the Act. The amount due is NINE THOUSAND FIVE HUNDRED FORTY-FIVE AND NO/100 ($9,545.00) DOLLARS.

14.    Upon information and belief, LERRO  failed to hold, in trust, for the benefit of the plaintiff such perishable agricultural commodities received by it from the plaintiff, all inventories of food or other products derived from said commodities and any receivables or proceeds from the sale of said commodities in violation of the aforesaid statute.

15.    LERRO's accounts receivable, and the proceeds thereof are PACA trust assets under 7 U.S.C. 499 (e)(c).

16.    LERRO has received such PACA assets.

3

17.    The defendant, LERRO, is a trustee, by operation of law, of such PACA assets.

18.    Upon information and belief, LERRO has retained such PACA assets and has refused to account to the plaintiff as a PACA creditor.

19.    The defendant, LERRO, has been unjustly enriched as a result of its receipt and retention of the PACA assets to which the plaintiff is entitled by statute.

20.    The defendant, LERRO, cannot retain the benefit of the PACA assets and, as such, it is a trustee of such assets for the benefit of the plaintiff.

21.    The defendant, LERRO, has not accounted to the plaintiff as to the amount of the PACA assets which it has received and retained as aforesaid.

22.    Certain of the PACA assets now held by the defendant, LERRO, has been used by it in the ordinary course of its business operations or otherwise dissipated.

23.    As a result of the insolvency of LERRO, the plaintiff is unable to collect promptly the amounts due and owing to it, other than by specific enforcement of their rights under PACA.

24.    The defendant, LERRO, has been unjustly enriched to the extent that it has received the payment of PACA trust assets and the plaintiff, as trust beneficiary have been damaged to the extent that such accounts receivable were so applied. This defendant is deemed to hold such sums equal to the amounts received as a constructive trustee for the benefit of the plaintiff as beneficiary. Pursuant to 7 U.S.C.499e(c)(4), the defendant, LERRO, must be ordered immediately to pay, with

interest the sum of NINE THOUSAND FIVE HUNDRED FORTY-FIVE AND NO/100 ($9,545.00)

DOLLARS to the plaintiff in full payment of its trust claim to the extent that such trust funds were

received by the defendant.

25.     The plaintiff has no adequate remedy at law.

26.     The Court is requested to declare that the defendant, LERRO, has violated the Act

and PACA regulations requiring the defendant, LERRO, to segregate from its other assets, all of the

PACA assets in its possession, custody or control of which the plaintiff is a trust beneficiary and to

maintain such PACA assets in a manner whereby they are freely available to satisfy the defendant's

obligation to pay to the plaintiff, the amount of NINE THOUSAND FIVE HUNDRED FORTY-

FIVE AND NO/100 ($9,545.00) DOLLARS; and directing the defendant, LERRO, promptly to

make payment in the amount of NINE THOUSAND FIVE HUNDRED FORTY-FIVE AND

NO/100 ($9,545.00) DOLLARS to the plaintiff in accordance with the Act and PACA regulations.

In the absence of such relief, the defendant, LERRO, will continue to violate the Act and the PACA.

## COOSEMANS OF NEW YORK ("COOSEMANS")

27.     The plaintiff, COOSEMANS, repeats and realleges the allegations set forth in

paragraphs "1" through "26."

28.     Heretofore and within the prescribed statutory period, the plaintiff, COOSEMANS,

sold and delivered to LERRO at its request, in interstate commerce, perishable agricultural

commodities.

29.    LERRO accepted said commodities.

30.    Pursuant to the trust provisions of the Act, at the time of receipt of said commodities, a trust was established in favor of the plaintiff as to all commodities received by LERRO, all inventories of food or other products derived from said commodities ("proceeds"), and the proceeds from the sale of such commodities until full payment is made for said commodities by LERRO to the plaintiff.

31.    LERRO has failed and refused to pay for the commodities despite repeated demands.

32.    The plaintiff, ALPHAS, furnished timely billings to LERRO which contained the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. 499 (e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received. In the event of the enforcement of our trust claim we will seek to recover reasonable attorney's fees and the costs of recovery....

33.    The plaintiff, COOSEMANS, is an unpaid supplier or seller of perishable agricultural commodities as those terms are used in the Act. The amount due is FIFTEEN THOUSAND ONE HUNDRED EIGHTY-NINE 75/100 ($15,189.75) DOLLARS.

34.    Upon information and belief, LERRO failed to hold, in trust, for the benefit of the

6

plaintiff such perishable agricultural commodities received by it from the plaintiff, all inventories of food or other products derived from said commodities and any receivables or proceeds from the sale of said commodities in violation of the aforesaid statute.

35.    LERRO's accounts receivable, and the proceeds thereof are PACA trust assets under 7 U.S.C. 499 (e)(c).

36.    LERRO has received such PACA assets.

37.    The defendant, LERRO, is a trustee, by operation of law, of such PACA assets.

38.    Upon information and belief, LERRO has retained such PACA assets and has refused to account to the plaintiff as a PACA creditor.

39.    The defendant, LERRO, has been unjustly enriched as a result of its receipt and retention of the PACA assets to which the plaintiff is entitled by statute.

40.    The defendant, LERRO, cannot retain the benefit of the PACA assets and, as such, it is a trustee of such assets for the benefit of the plaintiff.

41.    The defendant, LERRO, has not accounted to the plaintiff as to the amount of the PACA assets which it has received and retained as aforesaid.

42.    Certain of the PACA assets now held by the defendant, LERRO, has been used by it in the ordinary course of its business operations or otherwise dissipated.

43.    As a result of the insolvency of LERRO, the plaintiff is unable to collect promptly

the amounts due and owing to it, other than by specific enforcement of their rights under PACA.

44.    The defendant, LERRO, has been unjustly enriched to the extent that it has received the payment of PACA trust assets and the plaintiff, as trust beneficiary have been damaged to the extent that such accounts receivable were so applied. This defendant is deemed to hold such sums equal to the amounts received as a constructive trustee for the benefit of the plaintiff as beneficiary. Pursuant to 7 U.S.C.499e(c)(4), the defendant, LERRO, must be ordered immediately to pay, with interest the sum of FIFTEEN THOUSAND ONE HUNDRED EIGHTY-NINE 75/100 ($15,189.75) DOLLARS to the plaintiff in full payment of its trust claim to the extent that such trust funds were received by the defendant.

45.    The plaintiff has no adequate remedy at law.

46.    The Court is requested to declare that the defendant, LERRO, has violated the Act and PACA regulations requiring the defendant, LERRO, to segregate from its other assets, all of the PACA assets in its possession, custody or control of which the plaintiff is a trust beneficiary and to maintain such PACA assets in a manner whereby they are freely available to satisfy the defendant's obligation to pay to the plaintiff, the amount of FIFTEEN THOUSAND ONE HUNDRED EIGHTY-NINE 75/100 ($15,189.75) DOLLARS; and directing the defendant, LERRO, promptly to make payment in the amount of FIFTEEN THOUSAND ONE HUNDRED EIGHTY-NINE 75/100 ($15,189.75) DOLLARS to the plaintiff in accordance with the Act and PACA regulations.

8

In the absence of such relief, the defendant, LERRO, will continue to violate the Act and the PACA.

## FIERMAN PRODUCE EXCHANGE, INC. ("FIERMAN")

47.    The plaintiff, FIERMAN, repeats and realleges the allegations set forth in paragraphs "1" through "46."

48.    Heretofore and within the prescribed statutory period, the plaintiff, FIERMAN, sold and delivered to LERRO at its request, in interstate commerce, perishable agricultural commodities.

49.    LERRO accepted said commodities.

50.    Pursuant to the trust provisions of the Act, at the time of receipt of said commodities, a trust was established in favor of the plaintiff as to all commodities received by LERRO, all inventories of food or other products derived from said commodities ("proceeds"), and the proceeds from the sale of such commodities until full payment is made for said commodities by LERRO to the plaintiff.

51.    LERRO has failed and refused to pay for the commodities despite repeated demands.

52.    The plaintiff, FIERMAN, furnished timely billings to LERRO which contained the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. 499 (e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities

9

until full payment is received. In the event of the enforcement of our trust claim we will seek to recover reasonable attorney's fees and the costs of recovery....

53.     The plaintiff, FIERMAN, is an unpaid supplier or seller of perishable agricultural commodities as those terms are used in the Act. The amount due is THIRTEEN THOUSAND TWO HUNDRED SEVENTY 25/100 ($31,270.25) DOLLARS.

54.     Upon information and belief, LERRO failed to hold, in trust, for the benefit of the plaintiff such perishable agricultural commodities received by it from the plaintiff, all inventories of food or other products derived from said commodities and any receivables or proceeds from the sale of said commodities in violation of the aforesaid statute.

55.     LERRO's accounts receivable, and the proceeds thereof are PACA trust assets under 7 U.S.C. 499 (e)(c).

56.     LERRO has received such PACA assets.

57.     The defendant, LERRO, is a trustee, by operation of law, of such PACA assets.

58.     Upon information and belief, LERRO has retained such PACA assets and has refused to account to the plaintiff as a PACA creditor.

59.     The defendant, LERRO, has been unjustly enriched as a result of its receipt and retention of the PACA assets to which the plaintiff is entitled by statute.

60.     The defendant, LERRO, cannot retain the benefit of the PACA assets and, as such,

it is a trustee of such assets for the benefit of the plaintiff.

61.    The defendant, LERRO, has not accounted to the plaintiff as to the amount of the PACA assets which it has received and retained as aforesaid.

62.    Certain of the PACA assets now held by the defendant, LERRO, has been used by it in the ordinary course of its business operations or otherwise dissipated.

63.    As a result of the insolvency of LERRO, the plaintiff is unable to collect promptly the amounts due and owing to it, other than by specific enforcement of their rights under PACA.

64.    The defendant, LERRO, has been unjustly enriched to the extent that it has received the payment of PACA trust assets and the plaintiff, as trust beneficiary have been damaged to the extent that such accounts receivable were so applied.  This defendant is deemed to hold such sums equal to the amounts received as a constructive trustee for the benefit of the plaintiff as beneficiary. Pursuant to 7 U.S.C.499e(c)(4), the defendant, LERRO, must be ordered immediately to pay, with interest the sum of THIRTY-ONE THOUSAND TWO HUNDRED SEVENTY AND 25/100 ($31,270.25) DOLLARS to the plaintiff in full payment of its trust claim to the extent that such trust funds were received by the defendant.

65.    The plaintiff has no adequate remedy at law.

66.    The Court is requested to declare that the defendant, LERRO, has violated the Act and PACA regulations requiring the defendant, LERRO, to segregate from its other assets, all of the

11

PACA assets in its possession, custody or control of which the plaintiff is a trust beneficiary and to

maintain such PACA assets in a manner whereby they are freely available to satisfy the defendant's

obligation to pay to the plaintiff, the amount of THIRTY-ONE THOUSAND TWO HUNDRED

SEVENTY AND 25/100 ($31,270.25) DOLLARS; and directing the defendant, LERRO, promptly

to make payment in the amount of THIRTY-ONE THOUSAND TWO HUNDRED SEVENTY

AND 25/100 ($31,270.25) DOLLARS to the plaintiff in accordance with the Act and PACA

regulations. In the absence of such relief, the defendant, LERRO, will continue to violate the Act

and the PACA.

COUNT II

**CLAIMS FOR RELIEF AGAINST STEVEN K. LERRO**

67.    The plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through

"66."

68.    The defendant, STEVEN K. LERRO, is a trustee, by operation of law, of such PACA

assets.

69.    Upon information and belief, STEVEN K. LERRO has retained such PACA assets

and has refused to account to the plaintiffs as PACA creditors.

70.    The defendant, STEVEN K. LERRO, has been unjustly enriched as a result of its

receipt and retention of the PACA assets to which the plaintiffs are entitled by statute.

12

71.    The defendant, STEVEN K. LERRO, cannot retain the benefit of the PACA assets and, as such, he is a trustee of such assets for the benefit of the plaintiffs.

72.    The defendant, STEVEN K. LERRO, has not accounted to the plaintiffs as to the amount of the PACA assets which it has received and retained as aforesaid.

73.    Certain of the PACA assets now held by the defendant, STEVEN K. LERRO, has been used by him in the ordinary course of their business operations or otherwise dissipated.

74.    As a result of the insolvency of STEVEN K. LERRO, the plaintiffs are unable to collect promptly the amounts due and owing to them, other than by specific enforcement of their rights under PACA.

75.    The defendant, STEVEN K. LERRO, has been unjustly enriched to the extent that he has received the payment of PACA trust assets and the trust beneficiaries have been damaged to the extent that such accounts receivable were so applied.  This defendant is deemed to hold such sums equal to the amounts received as a constructive trustee for the benefit of the plaintiffs as beneficiaries.  Pursuant to 7 U.S.C.499e(c)(4) of the Perishable Agricultural Commodities Act, the defendant,  STEVEN K. LERRO, must be ordered immediately to pay, with interest the sum of FIFTY THOUSAND FIVE HUNDRED ELEVEN and 00/100 ($50,511.000) DOLLARS to the plaintiffs in full payment of their trust claims to the extent that such trust funds were received by this defendant.

76.    The plaintiffs have no adequate remedy at law.

77.    The Court is requested to declare that the defendant, STEVEN K. LERRO, has

violated the Act and PACA regulations requiring the defendant, STEVEN K. LERRO, to segregate

from his other assets, all of the PACA assets in its possession, custody or control of which the

plaintiffs are the trust beneficiaries and to maintain such PACA assets in a manner whereby they are

freely available to satisfy this defendant's obligation to pay to the plaintiffs, the amount of FIFTY

THOUSAND FIVE HUNDRED ELEVEN and 00/100 ($50,511.00) DOLLARS; and directing the

defendant, STEVEN BECK, promptly to make payment in the amount of FIFTY THOUSAND

FIVE HUNDRED ELEVEN and 00/100 ($50,511.00) DOLLARS to the plaintiffs in accordance

with the Act and PACA regulations. In the absence of such relief, the defendant, STEVEN K.

LERRO will continue to violate the Act and the PACA.

WHEREFORE, plaintiffs demand judgment as follows:

(1)    declaring defendants to have violated the Act and the regulations promulgated

thereunder;

(2)    ordering the defendants to segregate from their other assets all of the perishable

agricultural commodities and all inventories of food or other products derived therefrom, and any

receivables or proceeds from the sale of such commodities or products in its possession, custody or

control, and as to which plaintiffs have the benefit of a PACA trust in a manner whereby they are

14

freely available to satisfy defendants obligation to pay plaintiffs the amount of FIFTY THOUSAND

FIVE HUNDRED ELEVEN and 00 /100 ($50,511.00) DOLLARS, with interest;

(3)    ordering the defendants promptly to make payment, with interest, to plaintiffs in

accordance with PACA and the PACA regulations;

(4)    granting plaintiffs their reasonable costs and disbursements, including attorneys' fees,

in this action;

(5)    granting plaintiffs such other and further relief as the Court deems just and proper;

and

(6)    the plaintiffs demand judgment in the amount of FIFTY THOUSAND FIVE

HUNDRED ELEVEN and 00/100 ($50,511.00) DOLLARS.

Dated this 26th day of June, 2008.

Respectfully submitted,

KREINCES & ROSENBERG, P.C.

By: _____

LEONARD KREINCES (LK/6524)
Attorneys for Plaintiffs
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500